UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYROSH BROWN,<br>　　　　Plaintiff,<br>v.<br><br>CITY OF GRAND RAPIDS, *et al.*,<br>　　　　Defendants. | No. 1:22-cv-1000<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

Plaintiff commenced this action on October 26, 2022. Because Plaintiff was permitted to proceed as a pauper (ECF No. 5), Magistrate Judge Green reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon his review, Judge Green noted that Plaintiff's original complaint alleged serious violations of Plaintiff's civil rights, but it failed to allege sufficient facts to state a viable claim (ECF No. 7). However, rather than dismissing Plaintiff's complaint, Judge Green afforded Plaintiff the opportunity to submit an amended complaint that complies with the Federal Rules of Civil Procedure (*see id.*). Plaintiff then filed a four-sentence amended complaint that contains fewer facts than the original complaint (ECF No. 8). Judge Green subsequently reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that the amended complaint also failed to state a claim (ECF No. 9). Based on his review, Judge Green issued a Report & Recommendation ("R&R"), recommending dismissal of Plaintiff's complaint (*Id.*). Plaintiff was given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1)

and Fed. R. Civ. P. 72(b)(2), and he subsequently filed an objection (ECF No. 10). Again, the objection fails to contain sufficient facts establishing a violation of Plaintiff's rights. Therefore, the Court will adopt the R&R and terminate this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

> The entirety of Plaintiff's amended complaint is as follows:
>
> In the case at hand, Plaintiff presents his amended complaint, with the 8th Amendment excessive fine clause, which incorporates with the 4th Amendment.
>
> It also protects, prohibits and g[u]arantees us the right to be free from excessive harsh punishment, at the hands of government employees and officials.
>
> There are limits and we have rights. States may not impose constitutionally excessive fines on citizens, which is a clear violation of the 8th and 14th Amendment[s].

(ECF No. 8). Given that the amended complaint contains *no facts* to support a viable claim, Judge Green properly recommended dismissal of this action. *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) ("To [avoid dismissal], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted). Similarly, Plaintiff's objection to the R&R fails to establish sufficient facts necessary to avoid dismissal. His objection argues that his case has been dismissed without due process (*see* ECF No. 10). However, Plaintiff has been afforded more than sufficient process. The Court gave Plaintiff the opportunity to file an amended complaint rather than dismissing this action, and Plaintiff failed to file a sufficient complaint. Moreover, Plaintiff's objection fails to raise *any* facts supporting his claims. Thus, the Court will adopt the R&R and dismiss this matter for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 9) as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff has failed to state a claim upon which relief can be granted, and this matter is **TERMINATED.**

Judgment to follow.

**IT IS SO ORDERED.**

Date: November 29, 2022 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge